

FILED
DEC 1 6 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID LEE PARKER,<br><br>    Petitioner,<br><br>vs.<br><br>COMMISSIONER of the<br>DEPARTMENT OF CORRECTIONS,<br>for the STATE OF ALASKA<br><br>    Respondent. | Case No. A05-0279 CV (JKS)<br><br>ORDER of DISMISSAL |

On November 28, 2005, David Lee Parker, representing himself, filed a petition for writ of habeas corpus, under 28 U.S.C. § 2254. Mr. Parker alleges that his 1996 conviction in the Superior Court for the State of Alaska was unconstitutionally obtained through the ineffective assistance of counsel, who encouraged him to enter a plea of nolo contendre, and that his conviction was later used to enhance a sentence he is currently serving.[1]  Mr. Parker has stated,

---

[1] See Docket No. 1.

T:\Orders.05\2254\parker dismiss.wpd

however, that he has not fully exhausted his state court remedies, as required by § 2254(b).[2]

The exhaustion doctrine states that habeas relief is not available "unless the applicant has exhausted the remedies available in the courts of the State."[3] This means that the petitioner must exhaust his state court remedies up through the state supreme court.[4] As the Ninth Circuit has stated, even "where review in the highest court is discretionary, a prisoner must still petition the highest court for review in order to exhaust his claim properly."[5] Mr. Parker alleges that the date of his

---

[2] See id. at 5.

[3] 28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) ("A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court. ... A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition."); Reutter v. Crandel, 109 F.3d 575, 577 (9th Cir.), cert. denied, 118 S. Ct. 142 (1997) ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies") (quoting Picard v. Connor, 404 U.S. 270 (1971)); Zichko v Idaho. 247 F.3d 1015, 1022 (9th Cir. 2001) ("A habeas petitioner must present his claims to the state's highest court in order to satisfy the exhaustion requirement of 28 U.S.C. §§ 2254(b)(1) and (c)").

[4] See Custer v. Hill, 378 F.3d 968. 974-75 (9th Cir. 2004) (Petitioner who failed to reference his ineffective assistance of counsel claim in his petition for review in Oregon Supreme Court failed to exhaust his state court remedies with respect to issue, for purposes of federal habeas corpus petition).

[5] Peterson v. Lampert, 319 F.3d at 1056, following O'Sullivan, 526 U.S. at 845 ("a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion

judgment of conviction was January 10, 1996, and that he brought a petition for post-conviction release in the state superior court, which was denied as time-barred on December 8, 1999. Mr. Parker then alleges that he did not appeal that decision, because he was told that he would lose any appeal because his initial petition was time-barred.[6]

Likewise, Mr. Parker would probably be time-barred here. There is a one-year limitations period in which to file a habeas petition under 28 U.S.C. § 2254.[7] Mr. Parker alleges that the date of his judgment of conviction was January 10, 1996, and that he brought a petition for post-conviction release in the state superior court, which was denied as time-barred on December 8, 1999. Mr. Parker had one year from the conclusion of his direct appeal or post-conviction proceedings in which to file his petition in this Court.[8]

An action must be dismissed if not brought within the one-year time period, unless there are "extraordinary circumstances" beyond the prisoner's control, which

---

requirement").

[6] *See* Docket No. 1 at 5-6.

[7] *See* 28 U.S.C. § 2244(d)(1); *see also, Wixom v. State of Washington*, 264 F.3d 894 (9th Cir. 2001) (state court of appeals' denial of petitioner's motion to modify ruling affirming conviction and sentence was a final order, so that **expiration of the time to appeal** that final order triggered one-year limitations period for filing petition for habeas relief).

[8] *See* 28 U.S.C. § 2244(d)(1).

made it impossible to file the petition on time.[9]  In this case, however, because Mr. Parker failed to exhaust his state court remedies, the case must be dismissed even if there were extraordinary circumstances for failing to file his petition on time.

**IT IS THEREFORE ORDERED:**

1. Mr. Parker's petition for writ of habeas corpus, at docket number 1, is **DISMISSED**, without prejudice, for failure to fully exhaust his state court remedies; and

2. Mr. Parker's motion for appointment of counsel, at docket number 2, is denied as **moot**.

DATED this \_\_11\_\_ day of December, 2005, at Anchorage, Alaska.

*[signature]*
JAMES K. SINGLETON, JR.
United States District Judge

---

[9] See Calderon at 1288-89 (citing, Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir.), cert. denied, 118 S.Ct. 60 (1997), where equitable tolling of a statute was allowed for "extraordinary circumstances" when, inter alia, "Alverez-Machain was [wrongfully] incarcerated for over two years, facing criminal charges of the highest gravity in a foreign country whose language he did not understand"); see also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (lack of access to library materials does not automatically qualify as grounds for equitable tolling, but may constitute an impediment).

T:\Orders.05\2254\parker dismiss.wpd                        4                                  ORDER

A05-0279-CV (JKS)   AM 12-16-05
D. PARKER